Brady, P. J.
This action was brought in July, 1877, to . recover for goods sold and delivered to the defendants, and orders of arrest were granted against them upon allegations of fraudulent practice. The defendants answered setting up that they were residents of and partners doing business in the city of New York; that certain creditors filed an in.voluntary petition against them in the office of the clerk of the United States district court for the purpose of having *658 them adjudicated bankrupts; and that such proceedings were had in that court having jurisdiction of the subject that, on the 9th of August, 1881, upon due notice, a discharge was granted and duly issued to them.
Upon the trial it appeared that the allegations of the answer had been correctly made, and the plaintiff sought to overcome them by proof of the fraudulent practices already mentioned, which was objected to upon the ground that in this action the plaintiffs made the following stipulation: “We hereby stipulate and agree that, the orders of arrest granted in this action be vacated and set aside, and the undertaking therein vacated and the sureties discharged; and plaintiffs stipulate that no additional or further arrests will be made in this action, or any action to collect the debt except in bankruptcy on their part in respect to or upon the claim or debt, for the recovery of which this action is brought, and that either party may enter an order ex parte to this affect.
John Henry Huix,

Plaintiff’s Attorney.

H. H. Regensburger,
• Defendant’s Attorney.”
which was given after a motion to attach the plaintiffs, their attorney and sheriff for contempt of court had been made, as appears from the testimony of Hr. Hull, the attorney for the plaintiffs. The motion, it appears, was made in the United States circuit court to attach all these persons named, which motion was granted, and it was referred to the clerk to ascertain the damages the defendant had been put to, at which stage the stipulation was made and a counter stipulation given abandoning the proceedings for the contempt—all of which occurred prior to the defendant’s answering.
The stipulation may be regarded as obscure perhaps, but the learned justice presiding may well have interpreted the latter portion of it to mean that the plaintiffs, in consequence of the proceedings had against them and by which all damages were waived, were to resort to no other proceedings to collect then debt than thóse in bankruptcy. The language of the stipulation, or rather that part of it to which reference has been made, is that “no additional or further arrests will be made or any action to collect the debt except in bankruptcy on their part in respect to or upon the claim or debt, for the recovery of which this action is brought.”
Under the circumstances it seems to be justifiable to hold, notwithstanding the obscurity of the language of the stipulation, that what was intended to be accomplished by it was to confine the prosecution of the claim to the proceed *659 ings in bankruptcy, which preserved the right in that proceeding of the plaintiff to defeat it and to prevent the defendants from obtaining their discharge, which opposition, if made, was not successful, for the reason that the discharge was granted. And this stipulation was founded upon a consideration, namely the withdrawal of the proceedings for contempt, as appears by the testimony of Mr. Hull to which reference has been made. But if this view be incorrect at least the effect of the stipulation is this— we will continue to assert our objections to your discharge, and, if we are not successful, as we intend to rely upon the proceedings in bankruptcy, we will not resort to fraud to maintain this action against you.
It is asserted that in the bankruptcy court the whole matter was heard at great length and the discharge was opposed; and such appears to have been the fact by the opinion of the learned district judge who heard the cause. There can be no doubt that, if the stipulation were not in the case, the defendants would have a right to respond to the discharge by showing that the debt, to recover which it was instituted, was still justly due in consequence of the fraud by which it was incurred.
We think, under the circumstances disclosed therefore that the direction of the learned justice was correct and that the judgment should be affirmed with costs.
Daniels and Churchill, JJ., concur.